BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
RANDALL S. NEWMAN (190547)
newman@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4653

LEE S. SHALOV (*pro hac vice*)
lshalov@mclauglinstern.com
**MCLAUGHLIN & STERN LLP**
260 Madison Avenue
New York, New York  10016
Telephone:  646/278-4298
Facsimile:  212/448-0066

*Attorneys for Plaintiffs George Loya,
Richard Ramos and Michael Richardson
and [Proposed] Interim Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEORGE LOYA, On Behalf of Himself and All Others Similarly Situated, | ) Case No. 5:16-cv-02478 AB (KKx) |
| | ) |
| Plaintiff, | ) **PLAINTIFFS' NOTICE OF** |
| | ) **MOTION AND MOTION TO** |
| | ) **CONSOLIDATE ACTIONS FOR** |
| v. | ) **PRETRIAL PURPOSES AND FOR** |
| | ) **APPOINTMENT OF INTERIM** |
| WESTERN RIVERSIDE COUNCIL | ) **CLASS COUNSEL;** |
| OF GOVERNMENTS and | ) **MEMORANDUM OF POINTS AND** |
| RENOVATE AMERICA, INC., | ) **AUTHORITIES** |
| | ) |
| Defendants. | ) DATE:   February 27, 2017 |
| | ) TIME:   10:00 a.m. |
| | ) JUDGE:  Hon. André Birotte Jr. |
| | ) CTRM:  7B |

RICHARD RAMOS, On Behalf of
Himself and All Others Similarly
Situated,

               Plaintiff,

v.

SAN BERNARDINO ASSOCIATED
GOVERNMENTS and RENOVATE
AMERICA, INC.,

               Defendants.

) Case No. 5:16-cv-02491 AB (KKx)
)
)
)
)
)
)
)
) JUDGE:  Hon. André Birotte Jr.
) CTRM.:  7B
)
)
)
)
)

MICHAEL RICHARDSON, On Behalf
of Himself and All Others Similarly
Situated,

               Plaintiff,

v.

COUNTY OF LOS ANGELES and
RENOVATE AMERICA, INC.,

               Defendants.

) Case No. 2:16-cv-08943 AB (KKx)
)
)
)
)
)
)
)
)
) JUDGE:  Hon. André Birotte Jr.
) CTRM.:  7B
)
)
)

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 27, 2017, at 10:00 a.m., or as soon as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, Plaintiffs George Loya, Richard Ramos and Michael Richardson ("Plaintiffs"), Plaintiffs in the three above-captioned actions (the "Related Actions"), will move, pursuant to Federal Rules of Civil Procedure 42(a) and 23(g)(3), for an order consolidating the Related Actions for pretrial purposes, and appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and McLaughlin & Stern LLP as Interim Class Counsel in the consolidated actions.

This motion for consolidation is made on the grounds that the Related Actions are substantially identical because each names Renovate America, Inc. ("Renovate America") as a defendant and alleges identical violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); and the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); as well as similar claims of false, deceptive, and otherwise unlawful practices regarding the origination and administration of Property Assessed Clean Energy Loans ("PACE Loans") made pursuant to Renovate America's Home Energy Renovation Opportunity Loans program ("HERO Loans"). Moreover, consolidation of these three cases will promote judicial economy and avoid unnecessary duplicative discovery and motion practice.

The motion for appointment of Wolf Haldenstein and McLaughlin & Stern as Interim Class Counsel in these actions is made on the grounds that these firms are best able to represent the interests of the class. Wolf Haldenstein is a leading, nationally recognized class action law firm, with principal offices in California and New York, and with more than 40 years of experience litigating complex class

actions in this judicial district and elsewhere.  McLaughlin & Stern is similarly a nationally recognized class action law firm.  Both have recovered millions of dollars on behalf of class members in class action cases.  Moreover, Wolf Haldenstein and McLaughlin & Stern have already expended considerable resources, time, and effort investigating the facts and legal issues underlying these cases and have the experience and resources to litigate these cases diligently and successfully.

Plaintiffs' motion is based upon this Notice of Motion, the accompanying memorandum of points and authorities and the Declaration of Rachele R. Rickert In Support of Plaintiffs' Motion to Consolidate Actions for Pretrial Purposes and for Appointment of Interim Class Counsel

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on December 30, 2016.

DATED: January 13, 2017          **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:  _____*/s/ Rachele R. Rickert*_____
RACHELE R. RICKERT

BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599;
Facsimile:   619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN
rifkin@whafh.com
JANINE POLLACK
pollack@whafh.com
RANDALL S. NEWMAN
newman@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MCLAUGHLIN & STERN LLP**
LEE SHALOV
lshalov@mclaughlinstern.com
260 Madison Avenue
New York, New York 10016
Telephone:  646/278-4298
Facsimile:   212/448-0066

*Attorneys for Plaintiffs George Loya,
Richard Ramos and Michael Richardson
and [Proposed] Interim Class Counsel*

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS .............................................................. 2

III.  LEGAL ARGUMENT ...................................................................... 3

     A.    The Actions Should be Consolidated for Pretrial Proceedings ............. 3

     B.    The Court Should Appoint Wolf Haldenstein and McLaughlin & Stern as Interim Class Counsel ............................. 8

          1.    Rule 23(g)(3) Authorizes the Court to Appoint Interim Class Counsel to Act on Behalf of the Putative Class Before Class Certification ....................................... 8

          2.    Wolf Haldenstein and McLaughlin & Stern Satisfy the Criteria for Interim Class Counsel ........................... 10

IV.  CONCLUSION ................................................................................ 15

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3

*Ardon v. City of Los Angeles*,
4
   52 Cal. 4th 241 (2011) ...................................................................... 13

5

*Cheney v. Cyberguard*,
6
   No. 98-cv-6879 (S.D. Fla.) .............................................................. 14

7

*Coleman v. Quaker Oats Co.*,
8
   232 F.3d 1271 (9th Cir. 2000) ........................................................... 7

9

*Deutsche Bank Nat'l Trust v. West*,
10
   881 N.Y.S.2d 362 (N.Y. Sup. Ct. 2009) ......................................... 11

11

*Glucksman v. First Franklin Fin. Corp.*,
12
   601 F. Supp. 2d 511 (E.D.N.Y. 2009) .............................................. 11

13

*Huene v. United States*,
14
   743 F.2d 703, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984) ..................... 4

15

*In re Comdisco Sec. Litig.*,
16
   No. 01 C 2110 (N.D. Ill. July 14, 2005) ........................................... 12

17

*In re Comdisco Sec. Litig.*,
18
   150 F. Supp. 2d 94 (N.D. Ill. 2001) .................................................. 12

19

*In Re Dynamic Random Access Memory Antitrust Litigation*,
20
   MDL-02-1486 (N.D. Cal.) ................................................................ 12

21

*In re Luxottica Group, S.p.A. Sec. Litig.*,
22
   2004 WL 2370650 (E.D.N.Y. Oct. 22, 2004) .................................. 11

23

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*,
24
   282 F.R.D. 486 (C.D. Cal. 2012) ................................................... 4, 7

25

*In re TXU Corp. Derivative Litig.*,
26
   No. 07-1779 (Dallas County, Tex. 44th Judicial Dist.) ...................... 13

27

28

*In re: Globalstar Sec. Litig.*,
No. 07-cv-0976 (S.D.N.Y.) ........................................................................ 14

*K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*,
No. 2:06-13555 (E.D. Mich.) ..................................................................... 11

*Krishtul v. VSLP United, LLC*,
No. 10-CV-0909 (RER),
2014 U.S. Dist. LEXIS 32033 (E.D.N.Y. Mar. 11, 2014) ....................... 11

*Mayra v. Warner/ Chappell Music, Inc.*,
131 F. Supp. 3d 975 (C.D. Cal. 2015) ...................................................... 13

*McWilliams v. City of Long Beach*,
56 Cal. 4th 613 (2013) .............................................................................. 13

*Parker Friedland v. Iridium World Communications, Ltd.*,
No. 99-1002 (D.D.C.) ................................................................................ 11

*Perez-Funez v. Dist. Dir., I.N.S.*,
611 F. Supp. 990 (C.D. Cal. 1984) ............................................................. 4

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ............................................................. 4

*Varljen v. H.J. Meyers & Co., Inc.*,
No. 97 Civ 6742 (S.D.N.Y.) ...................................................................... 14

*Vincent v. Hughes Air West, Inc.*,
557 F.2d 759 (9th Cir. 1977) ....................................................................... 9

*Wynn v. NBC*,
234 F. Supp. 2d 1067 (C.D. Cal. 2002) ....................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Statutes**

15 U.S.C.
 § 1601 ................................................................................................ 6
 § 1639 ................................................................................................ 6

California Business and Professions Code
 § 17200 .............................................................................................. 3

California Financial Code
 § 4790, *et seq* ............................................................................... 3, 6

**Rules**

Fed. R. Civ. P.
 23 ..................................................................................................... 2, 9

 23(g)(1) ............................................................................................... 9

 23(g)(1)(B) .......................................................................................... 9

 23(g)(3) ............................................................................................... 8

 42(a) ................................................................................................... 4

 42(b) ................................................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Three related class actions (the "Related Actions") are now pending before this Court asserting claims against Defendant Renovate America, Inc. ("Renovate America"), as well as three counties, San Bernardino Associated Governments, Western Riverside Council of Governments and the County of Los Angeles (together, the "County Defendants"), arising out of Renovate America's HERO Loan program. All three actions make identical claims regarding violations of TILA and HOEPA, as well as similar claims of false, deceptive, and otherwise unlawful practices regarding the origination and administration of the PACE Loans made pursuant to Renovate America's HERO Loan program. Plaintiffs respectfully submit that this Court should exercise its authority pursuant to Federal Rule of Civil Procedure 42(a) and consolidate these three Related Actions for pretrial purposes because all three complaints are nearly identical, and there is no question that consolidation will streamline and organize the litigation. There are going to be many issues of law and fact that are identical or overlap among the three Related Actions given that all are HERO programs administered by Defendant Renovate America. Not only will it promote judicial economy, it will also avoid unnecessary duplicative discovery and motion practice, thus saving not only the Court's time, but the parties' and their counsels' time as well. Rule 42(a) specifically contemplates consolidation under these circumstances so that, for example, the parties can file papers once in a Master File that will pertain to all actions where appropriate instead of three separate times and the Court can issue a single ruling affecting all three Related Actions on the overlapping issues.

Additionally, Federal Rule of Civil Procedure 23 authorizes the Court to designate interim counsel to act on behalf of the putative class before determining whether to certify the case as a class action. Such appointment is appropriate here to provide organizational structure and leadership during the period before class

certification when important decisions, such as litigating the class certification motion, pre-trial motion practice, and discovery, must be made. In appointing interim class counsel, the Court should appoint attorneys who will best protect and represent the interests of the class in the vigorous prosecution of the action. Fed. R. Civ. P. 23(g).

Plaintiffs respectfully submit that this Court should appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and McLaughlin & Stern LLP as Interim Class Counsel. Both firms have a wealth of experience and demonstrated success handling complex class actions such as this including the type of claims at issue here, are recognized nationwide as leading class action firms, and have already expended significant resources to investigate and prosecute these actions and have the resources to continue to do so. Appointment of Wolf Haldenstein and McLaughlin & Stern as Interim Class Counsel will best promote the effective and efficient litigation of these Related Actions.

## II.    STATEMENT OF FACTS

On November 1, 2016, Plaintiffs George Loya, Richard Ramos and Michael Richardson ("Plaintiffs") filed three separate class actions in California state court. All three class action complaints name Renovate America as a defendant, and each also includes a County Defendant. The lawsuits are:

(1)    *Richard Ramos, On Behalf of Himself and All Others Similarly Situated v. San Bernardino Associated Governments and Renovate America, Inc.* filed in the California Superior Court, County of San Bernardino (the "*SANBAG* Action");

(2)    *George Loya, On Behalf of Himself and All Others Similarly Situated, v. Western Riverside Council for Governments and Renovate America, Inc.,* filed in the California Superior Court, County of Riverside (the "*Riverside* Action"); and

(3)    *Michael Richardson, On Behalf of Himself and All Others Similarly Situated, v. County of Los Angeles and Renovate America, Inc.*, filed in the California Superior Court, County of Los Angeles (the "*Los Angeles*" Action).

All three complaints allege that Defendants: (a) violated TILA; (b) violated HOEPA; (c) secretly double-count and collect excessive and unlawful administrative fees on HERO Loans; (d) secretly impose and collect unlawful compound interest on HERO Loans; (d) impose and collect unlawful pre-payment penalties from HERO Loan borrowers; and (e) do not credit installment payments on HERO Loans until long after the borrowers make those payments.   All three complaints include the same causes of action for:  (1) violation of TILA; (2) violation of HOEPA; (3) conspiracy to violate TILA and HOEPA; and (4) violation of California Business and Professions Code § 17200, *et seq*.   Additionally, the complaints in the *San Bernardino* and *Riverside* Actions also assert violations of the California Covered Loan Law, California Financial Code § 4790, *et seq*.

Defendant Renovate America removed the *Riverside* Action to the Central District of California on December 1, 2016, and it similarly removed the *SANBAG* and *Los Angeles* Actions on December 2, 2016.   On December 2, 2016, the *Riverside* Action was assigned to this Court.   On December 8, 2016, Defendant Renovate America filed notices of related cases in the *SANBAG* and *Los Angeles* Actions, relating those actions to the *Riverside* Action.   On December 14, 2016, the *SANBAG* Action was transferred to this Court, and the *Los Angeles* Action was transferred to this Court on January 3, 2017.   Accordingly, all three Related Actions are now pending before this Court and, for the orderly prosecution of these cases, should be consolidated.

## III.   LEGAL ARGUMENT

### A.   The Actions Should be Consolidated for Pretrial Proceedings

When, as here, two or more actions before the court involve a common question of law or fact, Rule 42(a) permits the court to:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

- 3 -

Fed. R. Civ. P. 42(a).   In exercising the broad discretion given under Rule 42, "consolidation is favored" by courts in the Ninth Circuit (as elsewhere).  *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citing *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984)).  In deciding whether to consolidate cases for pretrial purposes, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  *Oreck*, 282 F.R.D. at 490 (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984)).

In *Oreck*, the court consolidated six related actions alleging false advertising and misrepresentation regarding the features and functionality of several vacuums and air filters manufactured and sold by the defendant. *Oreck*, 282 F.R.D. at 488. The court did so because the cases presented "common questions of law and fact," even though the technology of the vacuums and air filters differed from one another. *Id.* at 490.  In all six cases, the plaintiffs made substantially similar allegations of false advertising: "the gravamen of each action is that Oreck misled consumers into purchasing products that did not perform as advertised.  As such, the actions involve common questions of law and fact." *Id.* The court also found that consolidation would serve the interests of judicial economy "by promoting efficiency and saving time for purposes of pretrial discovery and motion practice." *Id.*

All three Related Actions should be consolidated here for the same reasons. Despite minor factual differences in the cases, all three actions unquestionably involve common questions of fact and law.  Indeed, Defendants argued as much in their Notices of Related Cases, as discussed in further detail below.  Consolidating the three actions for pretrial purposes will undoubtedly promote the interest of judicial convenience and efficiency.  In particular, the three actions raise many substantially identical fact questions, including whether Defendants violated TILA,

violated HOEPA, secretly double-count administrative fees on the HERO Loans, secretly impose compound interest on the HERO Loans, and do not credit installment payments on HERO Loans when those payments are made. All three actions share this common nucleus of core facts.

In addition, the three actions also raise many substantially identical questions of law, including whether the HERO Loans are subject to TILA and HOEPA. Further, two of the Related Actions allege violations of the California Covered Loan Law. As such, the three cases have the same or similar and overlapping questions of law that can be dealt with most efficiently through consolidation.

Moreover, discovery will be overlapping in the three Related Actions. Consolidation for pretrial purposes will allow the parties to avoid duplication in producing documents and taking depositions wherever possible. In addition, motions to compel discovery could be done in a single proceeding as appropriate.

As demonstrated by the [Proposed] Order Granting Plaintiffs' Motion to Consolidate Actions for Pretrial Purposes and for Appointment of Interim Class Counsel (the "Proposed Order"), submitted concurrently herewith, consolidation will allow for a single Master File in which documents can be filed once and labeled as applying to "All Actions" as appropriate. However, should a particular document apply to less than all three Related Actions, the document can be so labeled and filed appropriately in the proper docket. Most of the documents will likely be filed in all three Related Actions by the parties as well as the Court given the same or closely overlapping legal and factual issues presented as well as the common defendant in all three: Renovate America. When the Court decides common issues in a consolidated proceeding, there will be no doubt whether they need to be addressed multiple times in each of the otherwise separate dockets. Moreover, consolidation now will allow for an orderly procedure for later-filed cases to be transferred to the Master File. *See* Proposed Order, ¶¶ 2, 6.

There is no prejudice to Defendants to consolidate the Related Actions. All

three complaints were just filed on November 1, 2016, the transfers to this Court (which were sought by Defendants) were fully effectuated on January 3, 2017, and no Defendant has filed an answer.  Thus, while Defendants have informed Plaintiffs that they do not consent to consolidation, all three actions are at the same stage of the proceedings and Defendants have not presented any specific rationale for opposing consolidation.  In fact, Plaintiffs intend to maintain three separate complaints in each of the Related Actions so there is no risk of confusion as to which County is at issue in any particular instance. However, to the extent the legal or factual issues are the same or overlap – as is certain to be the case in most instances – the benefits of efficiency and clarity will be realized by omnibus motion papers by the parties and rulings by the Court.

Defendants' Notices of Related Cases in the Related Actions are evidentiary of their view that these cases raise virtually identical issues of law and fact. Defendants stated as follows, in pertinent part:

> *Ramos, Loya,* and *Richardson* are all putative class actions bringing largely-identical legal claims for relief, under federal and California state laws . . . . The cases all principally hinge on the question of whether each Government Defendant's Property Assessed Clean Energy ("PACE") program, each implemented as the Home Energy Renovation Opportunity ("HERO") Program, complies with certain federal and state lending laws.
>
> * * *
>
> Plaintiffs in each of the three actions are homeowners who participated in the HERO Program in their respective communities. The crux of Plaintiffs' legal theory is that the property tax assessments in each instance constituted "consumer credit transactions", subject to certain consumer loan requirements in the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*. ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), and a "consumer loan" subject to certain requirements of California's Covered Loan Law, California Financial Code §§ 4790, *et seq.* ("CCLL"). *See, generally*, *Ramos*, *Loya* and *Richardson* Compls.

- 6 -

* * *

With one exception, the complaints all involve identical causes of action.

* * *

All three complaints also include the same or similar factual allegations, including that each HERO Program allegedly involves excessive and unlawful fees and interest, and that the fees and interest allegedly are not adequately disclosed under federal and state laws. *See Ramos*, *Loya* and *Richardson* Compls. ¶ 4. The only material differences in factual allegations concern the particular facts relevant to the transaction involving the named individual Plaintiff in each case.

*See* Defendants' Notice of Related Cases in the *Loya* Action [ECF No. 16], attached to the Declaration of Rachele R. Rickert in Support of Plaintiffs' Motion to Consolidate Actions for Pretrial Purposes and for Appointment of Interim Class Counsel ("Rickert Decl.") as Exhibit ("Ex.") A.

As such, given these statements by Defendants, they cannot now credibly argue the Related Actions do not involve common issues of law and fact such that consolidation is appropriate. *See Oreck*, 282 F.R.D. at 490. To the extent they may argue that there should be separate trials, the Court can order separate trials in all three Related Actions under Rule 42(b). When cases are consolidated, Rule 42(b) provides as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Under Rule 42(b), the Court has broad discretion to sever to prevent jury confusion and judicial inefficiency and to prevent unfair prejudice to a party. *See Wynn v. NBC*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002). Thus, even in cases where, as here, the parties, counsel, and the Court will benefit from common discovery and pretrial proceedings, the Court nonetheless has discretion to order separate trials to avoid the "possibility of factual and legal confusion on the part of the jury." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (affirming

- 7 -

district court's decision to sever after cases had been joined).

The individual dockets of the Related Actions need not be closed by consolidation of the Related Actions. Should a pleading or other document relate just to one of the Related Actions rather than all of them, papers can be filed only in the docket for that particular Related Action and the issue pertinent just to that action can be decided in that action. The occasional need to do so, however, does not negate the significant advantages of efficiency and clarity gained by consolidation.

Thus, for the foregoing reasons, Plaintiffs respectfully submit that the Court should consolidate the Related Actions to provide efficiency for the Court and the parties.

### B.    The Court Should Appoint Wolf Haldenstein and McLaughlin & Stern as Interim Class Counsel

Plaintiffs also seek the appointment of their counsel, Wolf Haldenstein and McLaughlin & Stern, as interim class counsel in accordance with Rule 23(g)(3).

### 1.    Rule 23(g)(3) Authorizes the Court to Appoint Interim Class Counsel to Act on Behalf of the Putative Class Before Class Certification

These actions will require strong stewardship by experienced and well-capitalized counsel. In this regard, Rule 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  As the Advisory Committee noted in the 2003 amendments to Rule 23, the designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . .  Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before

the certification decision is made.

Fed. R. Civ. P. 23(g) advisory committee's notes.

Specifically, Rule 23(g)(1)(B) directs the Court to appoint interim class counsel who will "fairly and adequately represent the interests of the class." In appointing interim class counsel, Rule 23(g)(1) directs the Court to consider the following factors:

- the work counsel has done in identifying or investigating potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources counsel will commit to representing the class.

Rule 23(g)(1)(A)(i)-(iv). Rule 23(g)(1) additionally provides that the Court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B).

It is well-established that a court may appoint lead counsel to direct and manage complex cases. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977). Appointment of interim class counsel eliminates duplication and repetition and, in effect, creates a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, which will most certainly redound to the benefit of all parties to the litigation.[1]

---

[1]    Interim Class Counsel should be given the authority to oversee and conduct all aspects of the litigation for Plaintiffs and the proposed Class until such time as the Court rules upon class certification and appoints class counsel pursuant to Rule 23(g).

## 2. Wolf Haldenstein and McLaughlin & Stern Satisfy the Criteria for Interim Class Counsel

As detailed below, Wolf Haldenstein and McLaughlin & Stern amply satisfy the above stated requirements of Rule 23(g) for appointment as Interim Class Counsel.

First, in terms of the work counsel has done in identifying or investigating potential claims in the Related Actions, both firms have dedicated considerable time and resources and performed exhaustive research to independently investigate the claims. As a result of its considerable efforts, the firms filed three highly detailed complaints against Defendant Renovate America and the County Defendants after uncovering and analyzing a wealth of pertinent facts and evidence and conducting extensive legal research.

In particular, by reviewing loan documents from a number of clients and potential clients, the firms conducted an extensive forensic analysis of the complex accounting for the HERO Loans, consulted several times with a forensic accountant, parsed through scores of original loan records, and conducted extensive legal research on the complex areas of law. As a result of the firms' thorough pre-complaint investigation, the three original complaints were meticulously researched and persuasively written. *See* Rickert Decl., ¶ 3.

Second, regarding counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, as well as counsel's knowledge of the applicable law, as reflected in their attorney and firm resumes attached as Exhibits B and C to the concurrently filed Rickert Declaration, Wolf Haldenstein and McLaughlin & Stern are eminently qualified to be appointed interim class counsel in these Related Actions. Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions and other complex, large-scale litigations for decades. The firm's resume contains a representative list of the many cases Wolf Haldenstein

prosecuted as lead or primary counsel. The resume also details the results achieved in those cases and numerous published decisions from the cases in which Wolf Haldenstein served as lead class counsel.  Moreover, it has extensive experience in handling TILA matters as well as cases under California's Unfair Competition laws.[2]  Quite simply, Wolf Haldenstein's achievements and reputation are superb.

Courts nationwide have recognized Wolf Haldenstein's qualifications to serve as class counsel.  *See*, *e.g.*, *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, No. 2:06-13555 (E.D. Mich.) (praising Wolf Haldenstein at the June 7, 2010 final approval hearing for doing "an outstanding job of representing [its] clients," as lead counsel and further commenting that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy.") (Rickert Decl., Ex. B at 4); *Parker Friedland v. Iridium World Communications, Ltd.*, No. 99-1002 (D.D.C.) (where the Firm was co-lead counsel, Judge Laughrey noted (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work

---

[2]    Wolf Haldenstein partner Randall Newman has successfully litigated numerous complex TILA matters. *See, e.g., Glucksman v. First Franklin Fin. Corp.*, 601 F. Supp. 2d 511 (E.D.N.Y. 2009) (question of fact whether foreclosure proceedings initiated in judicial foreclosure state where creditor had engaged in various pre-filing activities, including send the homeowners a letter telling them that they were in default and should contact an attorney's office regarding "any foreclosure proceedings" and reporting the status of the loan to credit reporting agencies as "foreclosure initiated"); *Deutsche Bank Nat'l Trust v. West*, 881 N.Y.S.2d 362 (N.Y. Sup. Ct. 2009) (statement of rescission deadline as just two days after closing extends rescission period; notice stated that closing occurred on Aug. 26 but consumers allege that it occurred on Aug. 28); *Krishtul v. VSLP United, LLC*, No. 10-CV-0909 (RER), 2014 U.S. Dist. LEXIS 32033 (E.D.N.Y. Mar. 11, 2014) (primary purpose of loan to refinance home loan was consumer, even though borrower operated a business from his home and used a small portion of proceeds for business purposes).

that we had in our chambers as a result of this case.") (Rickert Decl., Ex. B at 5); *In re Luxottica Group, S.p.A. Sec. Litig.*, 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein as lead class counsel based of the firm's "experience and expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable").

In *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal. filed Oct. 23, 2002), where the firm was co-lead counsel in a massive antitrust litigation involving many plaintiffs and many defendants, Judge Phyllis J. Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Rickert Decl., Ex. B at 27-28.

Moreover, at the completion of a very contentious and complicated litigation, Judge Milton Shadur paid the firm a great compliment:

> It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . .  I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

*In re Comdisco Sec. Litig.*, No. 01 C 2110 (N.D. Ill. July 14, 2005) (Rickert Decl., Ex. B at 5).

In *In re TXU Corp. Derivative Litig.*, Consolidated Cause No. 07-1779 (Dallas County, Tex. 44th Judicial Dist.), Judge Carlos Cortez of the 44th Judicial

- 12 -

District in Dallas County, Texas, noted of Wolf Haldenstein and its co-lead counsel upon the successful conclusion of litigation:

> You are exactly, the people in this room are exactly what I try to tell people week in and week out who come to this court to serve as jurors, that the profession of law is still noble, and all of you are a credit to the bar, and I'm humbled to be in your presence.

*TXU Corp.*, No. 07-1779 (Dallas Cnty., Tex. 44th Jud. Dist.) (April 18, 2008).

Recently, in *Marya v Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975 (C.D. Cal. 2015), Wolf Haldenstein achieved worldwide acclaim for successfully representing the plaintiffs in a declaratory judgment action challenging the copyright to "Happy Birthday to You," the world's most famous song.  Through the firm's meticulous efforts, the plaintiffs won summary judgment against the record company defendants, ending nearly a century-long, infamous copyright dispute when the Court found that Warner/Chappell Music and its predecessors never owned a copyright to the song.  After winning summary judgment for the plaintiffs, Wolf Haldenstein successfully negotiated a settlement including a judicial declaration that the song is in the public domain and providing a $14 million fund for class members who were forced to pay royalties to use the song.

Most recently, Wolf Haldenstein served as lead counsel in *Ardon v. City of Los Angeles*, Los Angeles Superior Court, Case No. BC363959, a massive class action which challenged the validity of the City of Los Angeles's telephone users tax on behalf of the City's taxpayers, and achieved a reversal in the California Supreme Court of the trial court's dismissal of the class claims. *See Ardon v. City of Los Angeles*, 52 Cal. 4th 241 (2011). Wolf Haldenstein achieved a $92.5 million settlement in the *Ardon* case that will permit Los Angeles taxpayers to claim refunds of the taxes that were unlawfully collected from them.  That case is strong evidence not only of the outstanding quality of Wolf Haldenstein's work, but also the firm's dogged  perseverance and its ability to coordinate and lead the efforts of many plaintiffs' firms against a vigorous, no-holds-barred defense by a governmental

authority.  *See* Rickert Decl., Ex. B at 41.  *See also id.* (citing *McWilliams v. City of Long Beach*, 56 Cal. 4th 613 (2013), a similar class action where Wolf Haldenstein serves as lead counsel in an action challenging the City of Long Beach's telephone users tax on behalf of Long Beach taxpayers).

Similarly, McLaughlin & Stern has a department that focuses on the prosecution and defense of individual and consumer class actions.  The head of the department, Lee S. Shalov, has concentrated his practice on consumer class actions for over thirty years and has been instrumental in recovering tens of millions of dollars for defrauded consumers in California and nationwide.  Another of the firm's partners, Matthew D. Sobolewski, has substantial experience prosecuting and defending financial services companies in cases involving the Truth in Lending Act and other federal and state consumer protection statutes.  *See* Rickert Decl., Ex. C.

Like Wolf Haldenstein, moreover, Mr. Shalov and his associated firms have drawn high praise for their efforts on behalf of aggrieved consumers across the country.  For example, as observed by the Court in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742 (S.D.N.Y.), "I felt at every step of the case that you were extraordinarily competent, diligent, responsible, helpful to this court and appropriate in your conduct of this case, and I think the class was well served by your representation of them, very well served."  Similarly, in approving the settlement in *Cheney v. Cyberguard*, Case No. 98-cv-6879 (S.D. Fla.), a securities class action against a corporate issuer and its executives, United States Magistrate Judge Andrea M. Simonton observed: "I think that the result was an outstanding result. ... [Q]uite frankly, I think that if you didn't have that caliber of counsel on the plaintiffs' side, there is no way that these shareholders would be looking at the recovery that they are and, in my experience, it is a substantial recovery."  And in commenting on the efforts of Plaintiffs' trial team in *In re: Globalstar Sec. Litig.*, Case No. 07-cv-0976 (S.D.N.Y.), the Court observed that Mr. Shalov and his colleagues "have all done a terrific job in presenting the case for the plaintiffs."

1    Finally, as demonstrated by the firms' long and distinguished record of

2 success, Wolf Haldenstein and McLaughlin & Stern possess the ability and

3 willingness to expend the financial and human resources necessary to prosecute this

4 litigation on behalf of the proposed class. Wolf Haldenstein has offices in New

5 York, New York; San Diego, California; and Chicago, Illinois. McLaughlin & Stern

6 has over 75 lawyers in New York, Florida and Connecticut.  They both have proven

7 that they stand ready and willing to prosecute contingent cases through trial if

8 necessary and commit the resources required of complex class actions such as the

9 Related Actions.

10 **IV. CONCLUSION**

11    For all of the reasons stated above, Plaintiffs request that the Court

12 consolidate the Related Actions pursuant to Rule 42(a) for pretrial purposes and

13 appoint Wolf Haldenstein and McLaughlin & Stern as Interim Class Counsel

14 pursuant to Rule 23(g)(3).

16 DATED: January 13, 2017    **WOLF HALDENSTEIN ADLER**
               **FREEMAN & HERZ LLP**

18         By:   */s/ Rachele R. Rickert*

19           RACHELE R. RICKERT

20         BETSY C. MANIFOLD
          manifold@whafh.com

21         RACHELE R. RICKERT
          rickert@whafh.com

22         750 B Street, Suite 2770
          San Diego, CA 92101

23         Telephone:   619/239-4599;
          Facsimile:   619/234-4599

24

25         **WOLF HALDENSTEIN ADLER**
          **FREEMAN & HERZ LLP**

26         MARK C. RIFKIN
          rifkin@whafh.com

27         JANINE POLLACK
          pollack@whafh.com

28         RANDALL S. NEWMAN
          newman@whafh.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

**MCLAUGHLIN & STERN LLP**
LEE SHALOV
lshalov@mclaughlinstern.com
260 Madison Avenue
New York, New York 10016
Telephone:  646/278-4298
Facsimile:   212/448-0066

*Attorneys for Plaintiffs George Loya,
Richard Ramos and Michael Richardson
and [Proposed] Interim Class Counsel*

HERO: 23572v4